UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

  -against-                                              1:01-CR-90
                                                                 (LEK)

ROHAN INGRAM,

                Defendant.

## **MEMORANDUM-DECISION AND ORDER**

On October 5, 2001, a jury found Defendant Rohan Ingram ("Ingram") guilty of conspiracy to unlawfully export defense articles designated on the United States munitions list, 22 U.S.C. § 2778 and 18 U.S.C. § 371; conspiracy to acquire and transport firearms in interstate commerce, 18 U.S.C. §§ 922(a)(1)(A), 924(n), and 371; and possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g) and 924(a)(2).  Verdict (Dkt. No. 68); Judgment (Dkt. No. 81) at 1.  Ingram appealed that decision, and on August 27, 2003, the Court of Appeals for the Second Circuit issued an opinion reversing the judgment of conviction for being a felon in possession of a firearm because the phrase "convicted in any court" contained in 18 U.S.C. § 922(g)(1) does not extend to foreign convictions.  Mandate (Dkt. No. 98) at 2.  The Court of Appeals remanded the case to this Court for resentencing.  Id.

The United States requested, and the Court "so ordered," that the Court defer the resentencing of Ingram, as the United States intended to file a petition for certiorari to the United States Supreme Court to review the decision of the Court of Appeals.  U.S. Mar. 10 Letter (Dkt. No. 100).  On April 26, 2005, the Supreme Court held in Smalls v. United States, 2005 WL 946620

1

(2005), that the phrase "convicted in any court" included only domestic, not foreign, convictions. Smalls, 2005 WL 946620, at *6. In so doing, the Supreme Court approved of the Second Circuit's interpretation in the instant case. Id. at *2. As a result, the United States, in a letter filed on May 4, 2005, has withdrawn its request to defer resentencing. U.S. May 4 Letter (Dkt. No. __).

Pursuant to the Court of Appeals' mandate, Ingram's conviction for possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g) and 924(a)(2), is vacated, and he will be resentenced on June 30, 2005 at 11 A.M.

Based on the foregoing discussion, it is hereby

ORDERED, that Ingram's conviction for possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g) and 924(a)(2), is **VACATED**; and it is further

ORDERED, that Ingram will be resentenced on **June 30, 2005 at 11 A.M.**; and it is further

ORDERED, that the Clerk serve a copy of this order on all parties.

DATED: May 10, 2005
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge